JEFFREY J. ZUBER (SBN 220830)
jzuber@ztllp.com
ALBERT T. WU (SBN 228268)
awu@ztllp.com
ZUBER & TAILLIEU LLP
10866 Wilshire Boulevard, Suite 300
Los Angeles, California 90024
Telephone: (310) 807-9700
Facsimile: (310) 807-9701

Attorneys for Defendant MedAvant Health Care Solutions

FILED
07 DEC 20 PM 4:34
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

# UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
940 Front Street, San Diego, CA 92101-8900

| | |
|---|---|
| THREE RIVERS PROVIDER NETWORK, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PLAN VISTA SOLUTIONS, INC. dba MEDAVANT HEALTH CARE SOLUTIONS fka NATIONAL PREFERRED PROVIDER NETWORK, and DOES 1-100, <br><br> Defendants. | Case No. 07 CV 2333 WQH CAB <br><br> ANSWER OF PLAN VISTA SOLUTIONS, INC. dba MEDAVANT HEALTH CARE SOLUTIONS fka NATIONAL PREFERRED PROVIDER NETWORK TO COMPLAINT OF THREE RIVERS PROVIDER NETWORK, INC.; DEMAND FOR JURY TRIAL <br><br> Complaint filed: Nov. 13, 2007 |

///
///

ANSWER BY MEDAVANT TO COMPLAINT

Defendant PLAN VISTA SOLUTIONS, INC. dba MEDAVANT HEALTH CARE SOLUTIONS fka NATIONAL PREFERRED PROVIDER NETWORK ("MEDAVANT") hereby responds to the Complaint of THREE RIVERS PROVIDER NETWORK, INC. ("TRPN" or "Plaintiff") as follows:

## NATURE OF THE ACTION

With regard to Plaintiff's general allegations, MEDAVANT denies that it breached any agreements with TRPN. Except as so denied, Defendant MEDAVANT lacks sufficient knowledge or information to form a belief as to the truth of TRPN's general allegations and therefore denies the same.

## JURISDICTION AND VENUE

1. The amount in controversy exceeds the applicable jurisdiction requirement of the court below. Except as so admitted, MEDAVANT denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. MEDAVANT admits that Plaintiff is headquartered in the County of San Diego, State of California. Except as so admitted, MEDAVANT denies the remaining allegations contained in Paragraph 2 of the Complaint.

## PARTIES

3. MEDAVANT lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and, therefore, denies the same.

4. MEDAVANT admits that it is a business organization with offices at 1854 Shackleford Court, Ste. 200 in Norcross, Georgia, at 1901 East Alton, Ste. 100, Santa Ana, California and 419 E. Main Street, Middletown, New York. Except as so admitted, MEDAVANT denies the remaining allegations contained in Paragraph 4 of the Complaint.

1      5.    MEDAVANT lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and, therefore, denies the same.

    6.    MEDAVANT lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and, therefore, denies the same.

    7.    MEDAVANT admits that it entered into an agreement with TRPN. Except as so admitted, Defendant MEDAVANT denies the remaining allegations contained in Paragraph 7 of the Complaint.

    8.    MEDAVANT admits that it entered into an agreement with TRPN. Except as so admitted, Defendant MEDAVANT denies the remaining allegations contained in Paragraph 8 of the Complaint.

    9.    MEDAVANT admits that it agreed to make "best efforts" to have a notice indicating TRPN/Affiliate Network adjustment appear on the Explanation of Benefits. Except as so admitted, Defendant MEDAVANT denies the remaining allegations contained in Paragraph 9 of the Complaint.

    10.    MEDAVANT admits that it agreed to make "best efforts" to have a notice indicating TRPN/Affiliate Network adjustment appeared on the Explanation of Benefits. Except as so admitted, Defendant MEDAVANT denies the remaining allegations contained in Paragraph 10 of the Complaint.

    11.    MEDAVANT denies each and every allegation contained in Paragraph 11 of the Complaint.

    12.    MEDAVANT denies each and every allegation contained in Paragraph 12 of the Complaint.

    13.    MEDAVANT lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and, therefore, denies the same.

1  14. MEDAVANT denies each and every allegation contained in Paragraph 14 of the Complaint.

15. MEDAVANT denies each and every allegation contained in Paragraph 15 of the Complaint.

16. MEDAVANT denies each and every allegation contained in Paragraph 16 of the Complaint.

17. MEDAVANT denies each and every allegation contained in Paragraph 17 of the Complaint.

18. MEDAVANT lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and, therefore, denies the same.

19. MEDAVANT denies each and every allegation contained in Paragraph 19 of the Complaint.

20. MEDAVANT lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 20 through 23 of the Complaint because page 8 of the Complaint was not provided to MEDAVANT, and, therefore, denies the same.

## ANSWER TO SECOND CAUSE OF ACTION

**(Unfair Competition – Business and Professions Code §17200 et seq.)**

21. Answering paragraph 24 of the Complaint, MEDAVANT repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

22. MEDAVANT denies each and every allegation contained in Paragraph 25 of the Complaint.

23. MEDAVANT denies each and every allegation contained in Paragraph 26 of the Complaint.

24. MEDAVANT denies each and every allegation contained in Paragraph 27 of the Complaint.

### ANSWER TO THIRD CAUSE OF ACTION

### (Breach of Contract)

25. Answering paragraph 28 of the Complaint, MEDAVANT repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

26. MEDAVANT admits that there is a contract between TRPN and MEDAVANT. Except as so admitted, Defendant MEDAVANT denies the remaining allegations contained in Paragraph 29 of the Complaint.

27. MEDAVANT denies each and every allegation contained in Paragraph 30 of the Complaint.

28. MEDAVANT denies each and every allegation contained in Paragraph 31 of the Complaint.

29. MEDAVANT denies each and every allegation contained in Paragraph 32 of the Complaint.

### ANSWER TO FOURTH CAUSE OF ACTION

### (Fraud)

30. Answering paragraph 33 of the Complaint, MEDAVANT repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

31. MEDAVANT denies each and every allegation contained in Paragraph 34 of the Complaint.

32. MEDAVANT denies each and every allegation contained in Paragraph 35 of the Complaint.

ANSWER BY MEDAVANT TO COMPLAINT

1     33.   MEDAVANT denies each and every allegation contained in Paragraph 36 of the Complaint.

## ANSWER TO FIFTH CAUSE OF ACTION
### (Conversion)

34.   Answering paragraph 37 of the Complaint, MEDAVANT repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

35.   MEDAVANT denies each and every allegation contained in Paragraph 38 of the Complaint.

36.   MEDAVANT denies each and every allegation contained in Paragraph 39 of the Complaint.

37.   MEDAVANT denies each and every allegation contained in Paragraph 40 of the Complaint.

38.   MEDAVANT denies each and every allegation contained in Paragraph 41 of the Complaint.

## ANSWER TO SIXTH CAUSE OF ACTION
### (Racketeering Influence and Corrupt Organizations)

39.   Answering paragraph 42 of the Complaint, MEDAVANT repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

40.   MEDAVANT admits that it is conducting business in the State of California. Except as so admitted, Defendant MEDAVANT denies the remaining allegations contained in Paragraph 43 of the Complaint.

41.   MEDAVANT denies each and every allegation contained in Paragraph 44 of the Complaint.

|     |                                                                                              |
| --- | -------------------------------------------------------------------------------------------- |
| 1   | 42. MEDAVANT denies each and every allegation contained in Paragraph 45 of the Complaint.    |
| 3   | 43. MEDAVANT denies each and every allegation contained in Paragraph 46 of the Complaint.    |
| 5   | 44. MEDAVANT denies each and every allegation contained in Paragraph 47 of the Complaint.    |
| 7   | 45. MEDAVANT denies each and every allegation contained in Paragraph 48 of the Complaint.    |
| 9   | 46. MEDAVANT denies each and every allegation contained in Paragraph 49 of the Complaint.    |
| 11  | 47. MEDAVANT denies each and every allegation contained in Paragraph 50 of the Complaint.    |
| 13  | 48. MEDAVANT denies each and every allegation contained in Paragraph 51 of the Complaint.    |
| 15  | 49. MEDAVANT denies each and every allegation contained in Paragraph 52 of the Complaint.    |
| 17  | 50. MEDAVANT denies each and every allegation contained in Paragraph 53 of the Complaint.    |
| 19  | 51. MEDAVANT denies each and every allegation contained in Paragraph 54 of the Complaint.    |

## FIRST AFFIRMATIVE DEFENSE

52. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

53. Plaintiff has failed to join indispensable parties.

### THIRD AFFIRMATIVE DEFENSE

54. Plaintiff's Complaint is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

55. Plaintiff's Complaint is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

56. Plaintiff's Complaint is barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

57. Plaintiff's Complaint is barred by consent, waiver and acquiescence.

### SEVENTH AFFIRMATIVE DEFENSE

58. Plaintiff's Complaint is barred by its failure to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

59. Plaintiff's Complaint is barred by its failure to have provided any services to MEDAVANT for which they may recover.

### NINTH AFFIRMATIVE DEFENSE

60. The Complaint, and each purported cause of action therein, is barred as against MEDAVANT because Plaintiff has not suffered detriment, injury or damage.

### TENTH AFFIRMATIVE DEFENSE

61. The Complaint, and each purported cause of action therein, is barred as against MEDAVANT because Plaintiff would be unjustly enriched if awarded any relief.

In accordance with the provisions of Federal Rule of Civil Procedure 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available, after reasonable inquiry, upon the filing of MEDAVANT's Answer to the Complaint. As such, MEDAVANT reserves the right to amend its Answer to raise additional affirmative defenses, if subsequent investigation warrants such action. By providing this Answer, MEDAVANT does not waive or relinquish any present or potential affirmative defenses.

### PRAYER FOR JUDGMENT

Wherefore, Defendant PLAN VISTA SOLUTIONS, INC. dba MEDAVANT HEALTH CARE SOLUTIONS fka NATIONAL PREFERRED PROVIDER NETWORK ("MEDAVANT") asks the Court for Judgment as follows:

i. That Plaintiff takes nothing by its Complaint, that judgment be entered in favor of MEDAVANT and that the Complaint be dismissed with prejudice;

ii. That MEDAVANT be awarded its attorneys' fees and costs of suit; and

iii. For such other and further relief as this Court deems just and proper.

Dated: December 20, 2007

Respectfully submitted:

ZUBER & TAILLIEU LLP
JEFFREY J. ZUBER
ALBERT T. WU

By: _____
Attorneys for Defendant MEDAVANT

ANSWER BY MEDAVANT TO COMPLAINT

## DEMAND FOR JURY TRIAL

Defendant PLAN VISTA SOLUTIONS, INC. dba MEDAVANT HEALTH CARE SOLUTIONS fka NATIONAL PREFERRED PROVIDER NETWORK respectfully requests a trial by jury.

Dated: December __, 2007

Respectfully submitted:

ZUBER & TAILLIEU LLP
JEFFREY L. ZUBER
ALBERT T. WU

By: _____
Attorneys for Defendant MEDAVANT